# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:26-cv-00083-MOC-WCM

DMITRIY YUKHNYUK, )
)
      Plaintiff, )
)
vs. )      **MEMORANDUM OF**
)      **DECISION AND ORDER**
)      **ON INITIAL REVIEW**
STEPHEN DARNELL, et al., )
)
      Defendants. )
)

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Amended Complaint. (Doc. 5). Plaintiff is proceeding in forma pauperis. (Docs. 2, 4).

## I.    BACKGROUND

Pro se Plaintiff Dmitriy Yukhnyuk ("Plaintiff") filed this action on March 18, 2026, pursuant to 42 U.S.C. § 1983 against Defendants Stephen Darnell and Warren Jordan, who appear to be deputies with the Henderson County Sheriff's Office ("HCSO"), in their individual capacities only. (Doc. 1; see id. at 2). Plaintiff's Complaint passed initial review on his individual capacity Fourth Amendment excessive force claim against Defendants Darnell and Jordan. (Doc. 4). His remaining claims were dismissed. (Id.). Now pending is Plaintiff's Amended Complaint in which he adds an additional Defendant, G.W. Mayo, who also appears to be a deputy with the HCSO. [Doc. 5].

Plaintiff alleges as follows. On March 19, 2023, at 12:00 p.m., Defendants Darnell, Jordan, and Mayo were on duty and dispatched to Westall Street in East Flat Rock, North Carolina. "[W]hen [Plaintiff's] hands were behind [his] back," Defendants beat him severely. (Id. at 4). Neglect in jail and subsequent rearrests prevented treatment for Plaintiff's injuries. (Id. at 5).

Plaintiff claims that Defendants violated his Fourth Amendment rights. (Id. at 3). Plaintiff alleges having suffered physical injury to his head and severe psychological and emotional trauma as a result of Defendants' conduct. (Id. at 5). Plaintiff seeks monetary relief only. (Id.).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.     DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of 'seizures effectuated by excessive force.'" Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (quoting Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006)). In this regard, the inquiry is

whether a reasonable officer would have determined that the degree of force used was justified by the threat presented, an objective inquiry "requir[ing] careful attention to the facts and circumstances in each particular case," including "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or other,' and whether the suspect 'is actively resisting arrest or attempting to evade arrest by flight.'"  Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, his individual capacity Fourth Amendment excessive force claim against Defendants Darnell, Jordan, and Mayo survives initial review as not clearly frivolous.  That is, Plaintiff alleges that Defendants severely beat him while his hands were behind his back, presumably in handcuffs.

## IV.    CONCLUSION

In sum, the Amended Complaint survives initial review under 28 U.S.C. § 1915(e)(2) as to Plaintiff's individual capacity Fourth Amendment excessive force claim against Defendants Darnell, Jordan, and Mayo.  Any other remaining claims will be dismissed for Plaintiff's failure to state a claim for relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity Fourth Amendment excessive force claim against Defendants Darnell, Jordan, and Mayo as further set forth in this Order, which passes initial review.[1]

---

[1] Because Defendant Mayo has already answered Plaintiff's Amended Complaint [Doc. 9], the Court will not order service of Summons and the Amended Complaint on this this Defendant.

3

**IT IS SO ORDERED**.

Signed: July 9, 2026

Max O. Cogburn Jr.
United States District Judge

4